NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**NOVO NORDISK INC.** AND
**NOVO NORDISK A/S,**
*Plaintiffs-Appellants,*

**v.**

**PADDOCK LABORATORIES, INC.,**
*Defendant-Appellee.*

---

2012-1031

---

Appeal from the United States District Court for the District of Minnesota in No. 10-CV-2199, Judge Donovan W. Frank.

---

Decided: June 18, 2013

---

MARK A. PERRY, Gibson, Dunn & Crutcher LLP, of Washington DC, argued for plaintiffs-appellants. With him on the brief were JOSH A. KREVITT, WAYNE BARSKY, and MICHAEL A. SITZMAN. Of counsel was LUCAS C. TOWNSEND.

DANIEL G. BROWN, Latham & Watkins LLP, of New York, New York, argued for defendant-appellee. With

him on the brief were GINA R. GENCARELLI  and WILLIAM J. KATT.  Of counsel was JEFFREY A. HOVDEN.

———————————

Before NEWMAN, DYK, and PROST, *Circuit Judges.*

PROST, *Circuit Judge.*

Novo Nordisk, Inc. and Novo Nordisk A/S ("Novo") appeal from a judgment by the United States District Court for the District of Minnesota that claim 4 of its U.S. Patent No. 6,677,358 ("'358 patent") is invalid as obvious and that the '358 patent is unenforceable due to inequitable conduct.  *Novo Nordisk, Inc. v. Paddock Labs., Inc.*, 797 F. Supp. 2d 926, 935 (D. Minn. 2011) ("*Novo/Paddock*").

This case is a companion case to *Novo Nordisk A/S v. Caraco Pharmaceutical Laboratories, Ltd.*, No. 2011-1223 (Fed. Cir. June 18, 2013) ("*Novo/Caraco*"), decided contemporaneously herewith.  That case involved a decision by the United States District Court for the Eastern District of Michigan, which ruled that claim 4 of the '358 patent was invalid as obvious and that the patent was unenforceable due to inequitable conduct.  *See id.*, slip op. at 7-8.  Today, we have affirmed the Michigan court's obviousness decision but reversed its inequitable conduct decision.  *Id.*, slip op. at 24.

The Minnesota court deciding the present case granted judgment on the pleadings in favor Paddock Laboratories, Inc. ("Paddock"), based upon the collateral estoppel effect of the Michigan court's decision.  *Novo/Paddock*, 797 F. Supp. 2d at 935.  Because we have reversed the inequitable conduct portion of the Michigan court's decision, we likewise reverse the Minnesota court's judgment regarding Paddock's inequitable conduct defense.

Regarding invalidity, Novo asserts that reversal is warranted (notwithstanding the merits of the Michigan

court's decision) because the Eighth Circuit recognizes an exception to the collateral estoppel doctrine when the law controlling the issue is substantively changed following the original determination. *See Ginters v. Frazier*, 614 F.3d 822, 827 (8th Cir. 2010) (recognizing that the Eighth Circuit embraces the "change in the law" exception to collateral estoppel). Novo contends that this exception applies here because, according to Novo, the law of obviousness was substantively changed by our holding in *In re Cyclobenzaprine Hydrochloride Extended-Release Capsule Patent Litig.*, 676 F.3d 1063 (Fed. Cir. 2012).

As we explained in *Novo/Caraco*, the *Cyclobenzaprine* decision did not change the law of obviousness but instead simply "reaffirmed our longstanding precedent that it is error to find a claim obvious 'before . . . consider[ing] the objective considerations,' or to shift the burden of persuasion to the patentee at any point during its obviousness analysis." *Novo/Caraco*, slip op. at 10-11 (quoting *In re Cyclobenzaprine*, 676 F.3d 1063 at 1075). And in any event, *Cyclobenzaprine* was a panel decision and so it could not have overruled prior obviousness law absent en banc or Supreme Court consideration. *Newell Co. v. Kenney Mfg. Co.*, 864 F.2d 757, 765 (Fed. Cir. 1988). Therefore, the "change in law" exception does not apply and we affirm the Minnesota court's judgment that claim 4 of the '358 patent was invalid as obvious based upon the collateral estoppel effect of the Michigan court's decision.

For the reasons set forth above, we affirm the Minnesota court's judgment that claim 4 of the '358 patent was invalid as obvious, but reverse its judgment that the '358 patent was unenforceable due to inequitable conduct. To the extent that any dispute remains concerning Paddock's alleged infringement of claims 1, 2, 3, and 5 of the '358 patent, we remand for further consideration consistent with this decision.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED IN PART**